UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

GLADYS RUTH HICKS,

    Plaintiff,

v.

SHAVYONNE TONICIA FRISON *and* D'ANDROSE ROBINSON,

    Defendants.

Case No. 3:24-cv-1125-AR

**ORDER TO AMEND**

**ARMISTEAD, Magistrate Judge**

Plaintiff Gladys Ruth Hicks, representing herself, filed this lawsuit on July 10, 2024, against defendants Shavyonne Frison and D'Androse Robinson. She alleges that Frison fraudulently put her own name on the title to Hicks's 2005 Ford Explorer. As relief, she seeks to get the vehicle back, along with a Yamaha bass guitar and the check that Frison got for Hicks's fishing gear and other miscellaneous items that were in Hicks's vehicle. (Compl. at 4, ECF No. 1.)

Page 1 – ORDER TO AMEND

Hicks alleges that this court has diversity jurisdiction over her lawsuit. According to Hicks's Complaint, however, the parties are not diverse and the amount in controversy requirement is not met—and the court therefore lacks diversity jurisdiction. Hicks must file an amended complaint to proceed with this lawsuit.

## LEGAL STANDARD

The court screens cases when a plaintiff is proceeding without prepayment of fees based on an inability to pay them—that is, when a plaintiff proceeds *in forma pauperis.* For *in forma pauperis* cases, Congress directs that "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The court's screening obligation includes determining whether a plaintiff's claims are capable of being tried by this court, or in other words, are cognizable claims.[1]

The court is generous in construing the pleadings of self-represented plaintiffs, giving the plaintiff the benefit of doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016)

---

[1] *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

(per curiam). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## DISCUSSION

A.     *Subject Matter Jurisdiction*

Subject matter jurisdiction "refers to a tribunal's power to hear a case." *Adkison v. C.I.R.*, 592 F.3d 1050, 1055 (9th Cir. 2010). The United States Constitution and federal law allow only certain kinds of cases in federal court. That limited authority of a federal court is known as its **subject matter jurisdiction**, and, if a federal court does not have subject matter jurisdiction for a case, the court must dismiss it (in other words, put the case out of its consideration). *See Adkison v. C.I.R.*, 592 F.3d 1050, 1055 (9th Cir. 2010) (subject matter jurisdiction "refers to a tribunal's power to hear a case"). The two kinds of cases for which a federal court has jurisdiction are (1) "federal question" cases and (2) "diversity of citizenship" cases. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This limited jurisdiction is different from Oregon circuit courts, which have subject matter jurisdiction over all actions unless a statute or law divests them of jurisdiction. *Owen v. City of Portland*, 368 Or. 661, 684 (2021) ("Oregon circuit courts 'ha[ve] general jurisdiction, to be defined, limited, and regulated by law in accordance with th[e Oregon] Constitution.' Or. Const., Art VII (Original), § 1."). The "party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001).

Here, Hicks alleges diversity jurisdiction.[2] To establish **diversity jurisdiction**, a plaintiff must plausibly allege that **damages are more than $75,000, that she is a citizen of one state, and that all the defendants are citizens of other states**. 28 U.S.C. § 1332(a). Hicks alleges that both she and Frison are citizens of Oregon. (Compl. at 3.) Accordingly, the parties are not diverse, and the court does not have diversity jurisdiction over this lawsuit.

As another obstacle to establishing diversity jurisdiction, Hicks has not demonstrated that the amount in controversy requirement is met. The amount in controversy is "determined from the face of [Hicks's] pleadings." *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). If it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount," *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000), then the court does not have diversity jurisdiction over her lawsuit. Hicks has not alleged the amount in controversy (*see* Compl. at 4), but the court doubts that the relief she seeks (return of her 2005 Ford explorer, guitar, and check for miscellaneous items) has a value of more than $75,000.

If Hicks wishes to proceed in federal court, she must submit an amended complaint that establishes **either federal question or diversity jurisdiction** over this case. Otherwise, the court will recommend dismissing this lawsuit.

B.    *Application to Proceed in Forma Pauperis*

The court defers ruling on Hicks's IFP application until an amended complaint is filed.

\ \ \ \ \

---

[2]    Hicks doesn't allege federal question jurisdiction. To establish **federal question jurisdiction**, Hicks would have to plead that defendants have violated a **federal constitutional** or **statutory provision**. 28 U.S.C. § 1331.

Page 4 – ORDER TO AMEND

## CONCLUSION

To avoid dismissal of her lawsuit, Hicks must file an AMENDED COMPLAINT within 30 days of the date of this ORDER. That is, Hicks has until **August 30, 2024**, to file her AMENDED COMPLAINT, which should include allegations supporting this court's subject matter jurisdiction over this case. If Hicks fails to respond to this ORDER by August 30, 2024, the court may dismiss this action. The court DEFERS ruling on Hicks's application to proceed *in forma pauperis* (ECF No. 2).

DATED: July 31, 2024

_____
JEFF ARMISTEAD
United States Magistrate Judge